Corwin, J.
As the evidence on the trial below is not presented in the- record, the second error assigned presents no question for our consideration.
The third error assigned depends upon the determination of the first, no other exception to the judgment being taken, and we are brought to the question, whether the court' erred in admitting the declarations of the plaintiffs, under the circumstances, and for the purposes stated in the bill of exceptions.
It is undoubtedly true, as a general rule of evidence, that the statements of a party in regard to the subject-matter of his own suit are inadmissible, unless introduced by his adversary ; but this rule is necessarily subject to many exceptions, and the admission or rejection of such testimony must in some measure depond upon and be governed by the nature of the case, and of the facts to be proven. Thus, it has been ^frequently held, that when one enters into land, in order to take advantage of a forfeiture, to foreclose a mortgage, to defeat a disseisin, or the like; or where one changes his residence, or is upon a journey, or leaves his home, or returns thither, or remains abroad, or secretes himself, or does any act material to be understood, his declarations, made at the time of the transaction, and expressive of its character, motive or object, are regarded as “verbal acts, indicating a present purpose and intention,” and are therefore admitted in proof, like any other material facts, leaving their effect to be governed by other rules of evidence. 1 Greenl. Ev., see. 108, and authorities there cited. So the state of mind, sentiments, or disposition of a person, at any particular period may be ascertained from his declarations and conversations at that time. 2 Hill. 248, 257.
And no objection can exist to the'admissibility of such evidoncer so long as the statements and declarations thus introduced, are concomitant with, and explanatory of, the act or occurrence to which they relate. In Sessions v. Little, 9 N. H. 271, it is held that, 11 where evidence of an act done by a party is admissible, his declarations made at the time, having a tendency to elucidate or give character to the act, and which may derive a degree of credit from the act itself, are also admissible as part of the res gestee.” But the reason of this rule by no means applies to such statements as are *25 merely narrative of a past occurrence, and they are clearly inadmissible.
In the case under consideration, the plaintiff’s acts of preparation for the marriage were not objected to, and were properly admitted as evidence of her acceptance of defendant’s promise to marry her. And why exclude her statements at the time, explanatory of such acts of preparation ? The latter are no more likely to bo deceptive than the former, but are the more reliable and satisfactory, because they are a distinct, express, and binding admission of what would only be otherwise ascertained by inference from unexplained acts.
*Such statements, if made, after a rupture between the parties, for obvious reasons, would be inadmissible, but the plaintiff in error has not shown by his bill of exceptions that the declarations so admitted, were made at such a time, or under such circumstances, and in the absence of such showing we will not presume that the court below admitted such improper declarations. We can only correct such errors as are made to appear.
It is contended by counsel for plaintiff in error, that the statements of the party were admitted by the court to show the “ mutuality of the contract,” and that as mutuality is an essential element of every contract, evidence to establish the mutuality is evidence to establish the contract itself, and that it was therefore improperly admitted. The language by which the object of the evidence is expressed in the bill of exceptions may not be of the happiest selection, but the principle involved is quite clearly shown, and we do not stop to deal with the words in which it is set forth. The defendant’s promise was shown by other distinct facts and cirstanees, and it was proposed to show plaintiff’s acceptance of it, by her preparation for marriage, together with her statements to her sister, explanatory thereof, and for this purpose only was the evidence admitted by the court. The eases of Hutton v. Mansell, 6 Mod. 172, and Peppinger v. Low, 1 Halst. 384, are in point, and fully sustain the decision of the court below. The rule of evidence there established for this description of cases is so reasonable in itself, and the reasons by which it is maintained are so consistent with the habits and customs of society, and the obvious proprieties of life, and have for so long a time secured the sanction and apr proval of courts of justice, that we are unwilling to disturb it. And when we consider the peculiar nature of the oontract thus sought *26 to be established, and tho circumstances of secrecy and confidence ■with, which it is usually made and observed in civilized life, such acts and declarations as were admitted in evidence in this case are frequently the only, and ordinarily the best and most satisfactory evidence of the ^existence of such an engagement. We are unanimous in the opinion that there was no error in the ruling of the court below, and its judgment is therefore affirmed with costs.
Ranney, J., having been of counsel, did not sit in this case.